# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN RETO and | : | CIVIL ACTION |
| KATHERINE RETO, h/w | : | |
| | : | |
| v. | : | |
| | : | |
| LIBERTY MUTUAL INSURANCE and | : | |
| STEPHANIA DEROSA | : | NO. 18-2483 |

## MEMORANDUM OPINION

**Savage, J.**                                                          **August 8, 2018**

      The issue in this action for underinsured motorist benefits and insurance bad faith, which was removed from the state court on the basis of diversity jurisdiction, is whether one of the two defendants was fraudulently joined to defeat diversity. If she was, there is no diversity jurisdiction and the case must be remanded.

      The plaintiffs cannot successfully assert either a contract or a bad faith claim against their insurer's claims adjuster whom they named as a defendant. Because the claims adjuster must be dismissed, there is diversity. Therefore, we shall deny the motion to remand.

      Plaintiff Steven Reto was injured in a car accident on May 22, 2014.[1] At the time of the accident, Reto and his wife were covered by an insurance policy issued by Liberty Mutual Insurance.[2] After the underlying motor vehicle liability claim settled with the insurance carrier covering the driver who caused the collision, the Retos filed a claim for underinsured motorist benefits against Liberty Mutual.[3] The complaint, filed in state

---

[1] Notice of Removal (Doc. No. 1) Ex. A (Compl.) ¶ 4.

[2] *Id.* ¶¶ 11–12. Katherine Reto brings a consortium claim only.

[3] *Id.* ¶ 22.

court, alleges breach of contract, loss of consortium, and bad faith pursuant to 42 Pa. Cons. Stat. § 8371. The plaintiffs sued both Liberty Mutual and Stephania DeRosa, who processed the claim.[4] The Retos are Pennsylvania citizens. DeRosa is also a Pennsylvania citizen.[5]

In removing the action, Liberty Mutual contends that DeRosa was fraudulently joined and should be dismissed.[6] It asserts that bad faith actions brought under § 8371 apply only to the conduct of an insurer toward an insured, and claims against claim representatives are impermissible.[7] The Retos move to remand, maintaining that DeRosa, a Pennsylvania citizen, is a properly named defendant.

## Analysis

For diversity jurisdiction to exist, the opposing parties must be citizens of different states and the amount in controversy must exceed $75,000. No plaintiff can be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). When removal is based on diversity, complete diversity between the parties must have existed when the complaint was filed and at the time of removal. *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150–51 (3d Cir. 2017).

If the removing defendant establishes that a non-diverse defendant was fraudulently joined to defeat diversity jurisdiction, the court disregards the citizenship of the non-diverse defendant and dismisses the non-diverse defendant. *In re Briscoe*, 448

---

[4] *Id.* ¶¶ 7–8.

[5] Resp. to Mot. to Remand (Doc. No. 7) at ECF 15.

[6] Notice of Removal ¶ 6.

[7] Resp. to Mot. to Remand at ECF 17.

F.3d 201, 216 (3d Cir. 2006). On the other hand, if the court determines that the non-diverse defendant was not fraudulently joined, it must remand. *Id.* (citing 28 U.S.C. § 1447(c)).

Joinder is fraudulent only where there is no reasonable factual or "colorable" legal basis to support the claim against the non-diverse defendant or the plaintiff has no real intention of pursuing the action against that defendant. *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) (citing *In re Briscoe*, 448 F.3d at 216); *see also Hogan v. Raymond Corp.*, 536 F. App'x 207, 210 (3d Cir. 2013). Any uncertainty as to the controlling substantive law is resolved in favor of the plaintiff. Unless the claim is "wholly insubstantial and frivolous," joinder will not be deemed fraudulent. *In re Briscoe*, 448 F.3d at 218 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). The possibility that the state court might find that the complaint states a cause of action against the non-diverse defendant requires remand. *JEVIC*, 575 F.3d at 326 (quoting *In re Briscoe*, 448 F.3d at 217). Hence, only where it is clear that the plaintiff cannot possibly recover from the non-diverse defendant will joinder be deemed fraudulent.

The fraudulent joinder inquiry focuses on the complaint at the time of removal, accepting the factual allegations as true. *JEVIC*, 575 F.3d at 326 (quoting *In re Briscoe*, 448 F.3d at 217). Nevertheless, it may be necessary to look beyond the complaint, but only to the extent that it bears on the threshold jurisdictional inquiry. We do not conduct a merits inquiry. Nor can we consider the merits of a defense. *In re Briscoe*, 448 F.3d at 218 (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112–13 (3d Cir. 1990)).

The removing party has a heavy burden of persuading a court that joinder is fraudulent. *JEVIC*, 575 F.3d at 326; *Batoff*, 977 F.2d at 851 (citation omitted). This heavy burden is imposed to effectuate the strong presumption against removal jurisdiction. *Batoff*, 977 F.2d at 851 (quoting *Steel Valley Author. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)); *JEVIC*, 575 F.3d at 326.

The claims against DeRosa are "wholly insubstantial and frivolous." *Batoff*, 977 F.3d at 852. As a matter of law, there is no basis to support a breach of contract or a bad faith action against DeRosa, Liberty Mutual's employee.[8]

With respect to the breach of contract claim, DeRosa is not a party to the insurance contract who can be held liable for breach. Unless a separate contract between a claims representative and an insured exists, there is no contractual privity between them. *See Hudock v. Donegal Mut. Ins. Co.*, 264 A.2d 668, 672 (Pa. 1970).

Both the principal and its agent may be held liable for the agent's tortious conduct when acting within the scope of employment. *Pressley v. Travelers Prop. Cas. Corp.*, 817 A.2d 1131, 1141 (Pa. Super. 2003) (quoting *Aiello v. Ed Saxe Real Estate, Inc.*, 499 A.2d 282, 287 (Pa. 1985)). However, an agent is not liable for the principal's breach of contract. *Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. Super. 1991). In a breach of contract action, only the principal, Liberty Mutual, may be held liable. Thus, there is no colorable ground supporting the Retos' claim of breach of contract against DeRosa.

---

[8] The Retos argue that they named DeRosa as a defendant due to the "complexity of the corporate structure" of Liberty Mutual "to ensure that the proper entity . . . would be liable for the actions of Defendant DeRosa via vicarious liability." Mot. to Remand at 13. That is not a cause of action nor does it give rise to one. If they named DeRosa only to learn who her employer was, they could subpoena and depose her as a witness.

4

Nor can the Retos state a bad faith cause of action against DeRosa. The bad faith statute, § 8371, applies only to insurance companies. The statute specifies that "[i]n an action arising under an insurance policy, if the court finds that the *insurer* has acted in bad faith toward the insured, the court may take all of the following actions . . . ." 42 Pa. Cons. Stat. § 8371 (emphasis added). To determine who is the insurer for purposes of § 8371, we examine the policy documents and the extent to which the company acted as an insurer.

DeRosa is not an insurer because she is not a party to the insurance contract. Only Liberty Mutual is identified in the policy documents as the insurer. Nor do the Retos plead that DeRosa acted as their insurer. Accordingly, there is no basis for a bad faith claim against DeRosa. *See Brown v. Progressive Ins. Co.*, 860 A.2d 493, 498 (Pa. Super. 2004); *see also Filippello v. Transam. Premier Life Ins. Co.*, Civ. A. No. 17-5743, 2018 WL 451639, at *3 (E.D. Pa. Jan. 16, 2018) (quoting *Se. Pa. Transp. Auth. v. Holmes*, 835 A.2d 851, 854–59 (Pa. Commw. 2003) (granting defendant's motion for judgment on the pleadings as to claim under § 8371 because it was not an "insurer"); *Kofsky v. Unum Life Ins. Co. of Am.,* Civ. A. No. 13-5647, 2014 WL 4375725, at *5 (E.D. Pa. Sept. 2, 2014) (citations omitted). As alleged in the complaint, the non-diverse defendant, DeRosa, is not an insurer within the meaning of the bad faith statute. *See Se. Pa. Transp. Auth.*, 835 A.2d at 857. Therefore, the Retos lack a colorable ground to support a bad faith claim against DeRosa.

Because there is no colorable claim against DeRosa, we conclude that she was fraudulently joined in this action. Therefore, we shall dismiss her as a defendant and deny the motion to remand.